**Harvey v. Durling**

C.P. of Wyoming County, no. 95-685.

*Gerald C. Grimaud,* for plaintiff.
*Cynthia R. Vullo,* for defendant Child Development Council.

VANSTON, *P.J.,* June 10, 1998—This matter is before the court for disposition of the defendant Child Development Council's motion for summary judgment.

The plaintiff has filed a complaint in this matter against several defendants, alleging that she was the victim of improper sexual contact by John Durling, who, at the time, was an employee of the defendant church. Durling was the custodian of the Nativity B.V.M. Church, Tunkhannock, Pennsylvania, which is part of the Diocese of Scranton.

Ms. Harvey, at all relevant times, was an employee of CDC, which leases space from the church and in which CDC operates a child day care center.

There is no dispute that Durling had improper sexual contact with Ms. Harvey in 1993 and 1994. Durling was the subject of a criminal prosecution involving these incidents, as well as several similar incidents with other women. Ultimately, Durling entered pleas of guilty to charges of indecent assault (18 Pa.C.S. §3126).

Nor is there any dispute that Harvey never told her employer or any supervisor about the conduct of Mr. Durling at any time while she was employed by CDC. Indeed, CDC was not made aware of these incidents for more than one year after Ms. Harvey left CDC's employment.

Harvey's amended complaint avers three counts asserting liability on the part of CDC. These are Counts

X, XI, and XIX.[1] Each count must be separately addressed. Summary judgment should be granted at this stage of the proceedings only if the plaintiff has failed to produce evidence of facts essential to the cause of action which would require such issues to be submitted to a jury. See Pa.R.C.P. 1035.2.

Count X is labeled "direct liability" and sounds in negligence. The gravamen of the count is that CDC failed to provide a safe work environment for Ms. Harvey.

The central issue, therefore, is—what duty of care is owed by an employer to an employee with respect to workplace misconduct of a non-employee?

The plaintiff has spent a great deal of effort attempting to establish that CDC knew or "should have known" of John Durling's "propensities against women" or "reputation for offensive conduct." Yet, it is undisputed that neither Barbara Harvey nor the two other women who were victims of his assaultive behavior ever told CDC, or CDC supervisors, about his conduct. In fact, the plaintiff has appended to her brief in opposition to the motion for summary judgment numerous depositions and affidavits of proposed witnesses, none of whom can establish any knowledge on the part of any CDC supervisor of any conduct by Durling which might reasonably be considered dangerous to an employee. While it may be that it was "common knowledge" that Durling sometimes made crude or offensive statements to female CDC employees, this cannot be interpolated to mean that it was foreseeable that Durling would sexually assault female employees.

Even assuming that CDC had notice of Durling's behavior, what was its duty of care to its employee

---

1. Count XII was dismissed following preliminary objections.

Harvey? Durling was not an employee of CDC, and his behavior was beyond their control. As church custodian, he had a right to be in the premises leased by the church to CDC. Obviously, CDC could have lodged a complaint with the church, but beyond this there is nothing CDC could have done to control Durling's conduct.

Plaintiff has offered this court no appellate authority defining what CDC's duty of care under the circumstances here present. She simply makes the bald assertion that CDC's negligence consisted of "not addressing the John Durling problem (which) was a substantial factor in bringing about the harm to" the plaintiff.

Consequently, this court is constrained to conclude that there exists no evidence from which a reasonable jury could conclude that the harm suffered by Barbara Harvey was foreseeable by CDC, or that CDC had a duty of care to prevent the harm which did occur.

Count XI of the amended complaint is labeled "breach of contract," asserting that the oral employment agreement between CDC and Harvey included "an implied term that CDC would provide a safe work environment, free from foreseeable risks, including risks of sexual harassment, sexual misconduct and abuse, and free from a hostile and offensive work environment."

Although plaintiff has not presented any evidence as to the terms of an employment agreement, it is not necessary for this court to address this issue. Further, the defendant CDC does not contest that it is obligated to provide its employees with a reasonably safe place in which to work. See *Mike v. Borough of Aliquippa*, 279 Pa. Super. 382, 421 A.2d 251 (1980). Thus, the issue is, again—was the harm caused by the intentional conduct of a non-employee reasonably foreseeable by

CDC? And, as set forth above, the answer, again, is, "No."

Lastly, Count XIX of the amended complaint is labeled "respondeat superior" and asserts vicarious liability on the part of CDC. In essence, this count contends that since Durling had daily contact with CDC employees, and the children in their care, he was, in actuality, employed by CDC. It is abundantly clear, however, that Durling was not CDC's employee: They did not pay him and did not direct his daily activities.

Further, it is equally clear that Durling's assaultive behavior upon others was for personal reasons and not within the scope of any purported employment by CDC. Willful misconduct on the part of an employee, although done in the course of employment, if not done within the scope of employment, can bring about no liability on the part of the employer. See *Costa v. Roxborough Memorial Hospital*, 708 A.2d 490 (Pa. Super. 1998).

Consequently, even if Durling were deemed to be an employee of CDC, his conduct could not impose vicarious liability upon CDC.

Accordingly, the motion for summary judgment must be granted.

ORDER

And now, June 10, 1998, for the reasons set forth in the opinion of the court of even date, it is ordered that the motion for summary judgment filed by the defendant Child Development Council is granted as to Counts X, XI, and XIX of plaintiff's amended complaint, together with the prayer for relief for punitive damages, and the prothonotary of this court is directed to enter judgment in accord herewith.